# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS J. KINSTLE, ) | CASE NO. 3:13CV998 |
| ) | |
| PETITIONER, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| JASON BUNTING, ) | |
| ) | |
| RESPONDENT. ) | |

On May 2, 2013, petitioner Nicholas Kinstle ("petitioner" or "Kinstle") filed with this Court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1 ["Pet."].) The petition was referred to United States Magistrate Judge Kathleen B. Burke for the preparation of a Report and Recommendation. The interim Report and Recommendation recommends that petitioner be afforded a reasonable period of time in which to file an amended petition deleting unexhausted grounds, and, if no such amendment is forthcoming, the R&R recommends the dismissal of the petition without prejudice. (Doc. No. 62 ["R&R"].) Petitioner has filed timely objections to the R&R. (Doc. No. 67 ["Obj."]), as well as a supplemental document (Doc. No. 69 ["Suppl. Obj."].) Respondent Jason Bunting filed neither objections to the R&R nor a response to petitioner's objections.

## I. BACKGROUND

Petitioner is currently confined at the Marion Correctional Institution in Marion, Ohio, serving an eight year prison term, following his conviction in the Allen County Court of Common Pleas on twenty-three counts of intimidation under Ohio Rev. Code § 2921.03(A).

After pursuing various direct and collateral attacks upon his conviction and sentence in state court, petitioner filed the present habeas petition, raising fourteen separate grounds for relief. Respondent opposed the petition, challenging some grounds as unexhausted, insisting that others are procedurally barred, and asserting that all grounds for relief lacked merit.

On March 30, 2015, the Magistrate Judge issued her R&R, in which she found that twelve of petitioner's grounds for relief were not ripe for consideration by this Court because petitioner had failed to exhaust his state court remedies as to these claims. Grounds Three through Eleven and Ground Thirteen were first raised in Kinstle's petition to vacate. The petition was denied by the trial court without the issuance of findings of fact and conclusions of law, and petitioner's appeal from this ruling was denied for want of a final, appealable order. The Magistrate Judge determined that these claims were unexhausted because petitioner could seek a writ of mandamus from a superior court to compel the issuance of a final, appealable order. (R&R at 4688.)

The Magistrate Judge also determined that Grounds Twelve and Fourteen were unexhausted because these claims, first raised in a motion for reconsideration of the trial court's denial of the motion to vacate, could still be appealed via an application to reopen the appeal, pursuant to Ohio R. App. P. 26(B). (*Id*. at 4689.)  Only Grounds 1 and 2, both raised on direct review, were, in the Magistrate Judge's opinion, properly exhausted. (*See id*. at 4687.)

Because Kinstle's application for habeas relief was a "mixed petition" containing both exhausted and unexhausted claims, the Magistrate Judge "recommend[ed] that Kinstle be afforded a reasonable period of time to file an amended petition deleting his unexhausted grounds, Grounds Three through Fourteen. If Kinstle does not file an amended petition deleting Grounds Three through Fourteen, his entire Petition should be dismissed without prejudice." (*Id*.

2

at 4696.) The Magistrate Judge also recommended that the Court not issue a stay and abeyance while petitioner returns to state court to exhaust his remedies, finding that petitioner had not attempted to properly exhaust his remedies and had engaged in abusive litigation tactics and, therefore, could not demonstrate good cause for the stay. (*Id*. at 4691-93.)

## II. STANDARD OF REVIEW AND EXHAUSTION REQUIREMENT

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, No. 94-5441, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") Likewise, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." 28 U.S.C. foll. § 2254.

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, "[t]he district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A petitioner cannot bring a petition, pursuant to 28 U.S.C. § 2254, until he has "completely exhausted his available state court remedies to the state's highest court." *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (further quotation marks and citation omitted); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *see also Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005) ("A remedy is 'available' if the applicant 'has the right under the law of the State to raise, by any available procedure, the question presented.'") (quoting 28 U.S.C. § 2254(c)). That is, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. *Rose v. Lundy*, 455 U.S. 509, 518-20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *see also Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) ("[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (quotation marks and citations omitted). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citation omitted).

"Claims not first raised in state court are unexhausted and are ordinarily dismissed without prejudice, in order to permit the petitioner the opportunity to pursue them in state court." *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) (citing *Rose*, 455 U.S. at 518, 520-22). Where the petitioner's application contains a "mixed petition" of exhausted and unexhausted claims, the petitioner may be required to decide whether he wishes to return to state court to exhaust his claims or resubmit his habeas petition to present only exhausted claims to the district court. *See*

*Pliler v. Ford*, 542 U.S. 225, 233, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (citing *Rose*, 455 U.S. at 510).

A stay and abeyance while the petitioner exhausts his state remedies may be available "in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Where a stay is appropriate, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id*. at 278 (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id*. ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.") (citing *Zarvela*, 254 F.3d at 380-81).

## III. DISCUSSION

Petitioner's objections are confusing and rambling. Judicial review is further hampered by the fact that petitioner's bizarre philosophical beliefs that the Uniform Commercial Code insulates him from criminal liability are woven throughout his filings. (*See, e.g*., Obj. 1-2; Doc. No. 67-2; Doc. No. 67-3.) Moreover, even affording petitioner's "objections" a liberal interpretations that is appropriate for pro se filings, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), most cannot be interpreted as raising legitimate challenges to the R&R. Many of the objections simply repeat arguments raised in petitioner's traverse. In several instances, petitioner merely disagrees with the recommended resolution in the R&R and restates his original arguments presented in his brief. Other objections appear directed to the underlying merits of petitioner's grounds for relief, and do not address the limited

5

recommendations set forth in the interim R&R relating to exhaustion. (*See, e.g.*, Obj. 2, 5, 6 (complaining that the trial court's guilty verdicts were purportedly lacking the elements of mens rea and actus reas); 4 (arguing that his underlying sentence is unconstitutional); 15 (asserting that the facts do not support conviction under Ohio law)). These objections are not properly filed within the meaning of Rule 72 and, therefore, the Court need not conduct a de novo review with respect to them. *See* Fed. R. Civ. P. 72(b)(3) (the court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

This leaves the objections that can be traced back to the conclusions in the R&R that Kinstle's application represents a "mixed petition" of exhausted and unexhausted claims and that the unexhausted claims must be dismissed without prejudice if petitioner is to continue to pursue federal habeas relief. Petitioner does not take issue with the Magistrate Judge's conclusion that Grounds 3-11 and 13 are unexhausted. Instead, he offers a variety of arguments as to why pursuing exhaustion would be futile. Specifically, the Court discerns that petitioner is arguing the following: (1) it would be a "waste of . . . judicial resources" to return to state court to attempt exhaustion because the trial court's judgment is invalid (Obj. 6. 8); (2) his federal claims cannot be adequately addressed without grand jury transcripts from certain state court proceedings (Obj. 12, 16); (3) the federal district court is a superior venue for redress (Obj. 13, 15, 16); and (4) it is not a defendant's responsibility to obtain a final order from which to appeal (Obj. 7).[1]

---

[1] Petitioner also claims that he had previously filed a mandamus action, stating that "[a] Mandamus was already filed on the same issues, attempting to force an appeal on the ownership of 3320 Swaney Road land in question, to seek blocked discovery. Therefore, post-conviction issues are ripe for review here." (Obj. 13.) While it is unclear to what he is referring, it does not appear that this prior filing was directed to a state appellate court to obtain a writ of mandamus to compel the trial court to issue findings of fact and conclusions of law as to the ruling on his motion to vacate his sentence.

It may be that the state trial court was required to provide findings of fact and conclusions of law when it denied his motion to vacate. Further, it appears from the record that the lack of fact findings and legal conclusions prevented the state appellate court from finding a final, appealable order from which petitioner may appeal the denial of his motion to vacate. (*See* Doc. No. 30-29 at 2779-80.) The fact remains that a state remedy—in the form of a writ of mandamus—appears to remain available to petitioner to remedy this deficiency. *See State ex rel. Konoff v. Moon*, 680 N.E.2d 989, 990 (Ohio 1997) ("Mandamus will lie to compel a trial court to issue findings of fact and conclusions of law when it dismisses a petition for postconviction relief."). Petitioner has not demonstrated that this avenue for relief is no longer available to him, and his various attacks upon the trial court's judgment and his preference to have the federal court address his grievances in the first instance cannot serve to excuse his failure to exhaust his remedies relative to the ruling on his postconviction appeal.

In the alternative, petitioner invites the Court to rule immediately on exhausted Grounds 1 and 2 (Obj. at 4724), and stay the matter as to the other grounds pending exhaustion in state court. (Obj. at 4726-27.) He does not, however, challenge the conclusion in the R&R that he is not entitled to a stay and abeyance because he has engaged in abusive litigation tactics. (R&R at 4690.) The Court has reviewed the R&R and finds that it properly relies upon an inordinate number of frivolous motions petitioner filed in state court that do not represent good faith attempts to exhaust, but, instead, resulted in considerable delays and caused the state courts to declare him to be a vexatious filer. In fact, petitioner has continued such tactics in federal court. The docket in this case is littered with frivolous motions filed by petitioner that had the

7

effect of delaying these proceedings and diverting scarce judicial resources.[2] Because petitioner has engaged in abusive litigation tactics and caused intentional delay, he cannot demonstrate good cause to warrant a stay.

While petitioner does not discuss it in either of his filings, he appends to his objections a copy of a judgment entry, dated May 27, 2015, denying petitioner's application for leave to file a motion to reopen his appeal. (Doc. No. 67-1.) The R&R, filed prior to the issuance of the state appellate court's judgment entry, determined that Grounds 12 and 14 were unexhausted because petitioner could still file an application under Ohio R. App. P. 26(b) to reopen his appeal relative to the ruling on his motion to reconsider the denial of his motion to vacate. (R&R at 4689.) It appears from the record that petitioner's request, under Rule 26(b), has now been denied. Accordingly, the Court finds that petitioner has exhausted his state remedies as to these two claims.[3]

## IV. CONCLUSION

For all of the foregoing reasons, the Court ADOPTS the interim R&R, and ACCEPTS the recommendations contained therein. Petitioner is granted leave until November 20, 2015 to file an amended petition containing only exhausted Grounds 1, 2, 12, and 14. If petitioner does not file an amended complaint eliminating unexhausted Grounds 3-11 and 13 by November 20, 2015, the Court will dismiss the petition without prejudice.

---

[2] On October 7, 2013, the Magistrate Judge identified petitioner as a vexatious filer and enjoined him from filing new motions without leave of court. (Doc. No. 47.)

[3] The Court makes no ruling, at this time, as to whether any of his exhausted claims are procedurally defaulted.

The Court CERTIFIES that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: October 29, 2015

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**