UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS J. KINSTLE, | ) | CASE NO. 3:13CV998 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JASON BUNTING, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Kathleen B. Burke recommending denial of this pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 85.) Petitioner Nicholas Kinstle ("petitioner" or "Kinstle") has filed objections. (Doc. No. 87 ["Obj."].) For the reasons discussed below, the objections are overruled, the R&R is accepted, and the petition for writ of habeas corpus is denied and dismissed.

**I. BACKGROUND**

Petitioner was indicted in state court on twenty-three (23) counts of intimidation in violation of Ohio Rev. Code § 2921.03(A). (Doc. No. 30-2 (Indictment ["Ind."]).) The charged instances of intimidation took place between December 2009 and December 2010 and were directed at individuals who, in one way or another, were involved in the foreclosure and sale of properties owned by defendant. Intimidation is a third-degree felony under Ohio law. *See* Ohio Rev. Code § 2921.03(B). (*See* Ind.)

Petitioner proceeded to trial on the indictment, and, on June 29, 2011, the jury returned guilty verdicts on all twenty-three counts. (Doc. No. 30-8 (Verdict Forms).) On July 18, 2011, petitioner was sentenced to an aggregate term of imprisonment of eight years. (Doc. No. 30-14 (Judgment Entry of Sentencing ["Judgment"]) at 2423-25.)

The R&R thoroughly sets out the state procedural history of the case following sentencing. While petitioner challenges the legal significance of many of the state court proceedings and associated filings, the Court has reviewed the account of these events in the R&R, finds it to be an accurate recitation of these proceedings, and adopts the same without repeating it herein.

Following the proceedings in state court, on May 2, 2013, petitioner filed his initial federal habeas petition. (Doc. No. 1 (Petition).) As is clear from the record, the filing of the initial petition in this Court was followed by several years of filing abuses by petitioner who repeatedly filed inappropriate motions, petitions, and notices, and caused considerable delay in the process. On October 7, 2013, the magistrate judge enjoined petitioner from filing additional motions without leave of court. (Doc. No. 47 (Restricted Filer Order).) Pursuant to the magistrate judge's order, petitioner was required seek leave to file any future documents and to attach to any proposed filing a sworn affidavit certifying that "(1) the document raises a new issue which has never been previously raised by him in this case . . . , (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith." (*Id*. at 4242.) The Clerk's Office was instructed not to file any documents that did not meet these restrictions. (*Id.*) The Restrict Filing Order made clear, however, that "[t]he foregoing requirements [were] not intended to affect the filing of Petitioner's Traverse[.]" (*Id*. at 4243.) In accordance with the magistrate judge's order, all filings by petitioner that did not satisfy the filing restrictions were returned to petitioner unfiled

2

with a cover letter explaining why the filing was rejected. (*See, e.g.,* Staff Notes dated Apr. 13, 2015.)

On March 30, 2015, the magistrate judge issued an interim report and recommendation ("Interim R&R") finding petitioner's habeas application to contain both exhausted and unexhausted claims. (Doc. No. 62.) On October 29, 2016, the Court adopted the Interim R&R, and instructed petitioner to file an amended petition excluding the unexhausted claims. (Doc. No. 72 (Memorandum Opinion) at 4778.) Petitioner was advised that failure to dismiss the unexhausted claims would result in the dismissal without prejudice of the entire petition. (*Id.*)

On November 20, 2015, petitioner filed his amended habeas petition, in which he raised the following four grounds for relief:

> Whether R.C. 2921.03 violates Petitioner[']s U.S.A. and Ohio Constitutional Rights when it acts to restrict an individual[']s ability to redress grievances.
>
> Whether a Guilty Verdict for violation of R.C. 2921.03 is against the weight of the evidence, where no victim was dissuaded from his/her duty, and evidence fails to support a purpose of defendant to intimidate or hinder, when the duty they allege to be held, is not one unlawful pursuant to law (to Sell or Convey Petitioner's 3320 Swaney Road, Allen County, Ohio property, unlawfully seized by Sherriff, by a void Order absent jurisdiction Authority to be entered as a Forfeiture Order, and a previous Foreclosure Order that is not a Final Appealable Order, to cause enforcement of lien.
>
> Statement of Constitutional Claim: 8th, 6Th, 14th Amendments to the u.S.A. Constitution; Article I, Section 10, 16, Ohio Constitution.
>
> Statement of Constitutional Claim: 5TH Amendment to the u.S.A. Constitution; Sec. 10, Article 1, Ohio Constitution was violated by failure of trial Court to allow review by Defendant and DEfense Counsel, to check for errors on or in the PSI REport.

(Doc. No. 75 (Amended Petition ["Am. Petition"])) (all capitalization and punctuation in original).

In her R&R, the magistrate judge recommended that the Court dismiss these grounds as

3

procedurally defaulted. (R&R at 5469, 5473.) Specifically, the magistrate judge found that Kinstle failed to raise the third and fourth (amended) grounds on direct appeal and failed to present all four grounds to the Ohio Supreme Court. (*Id.* at 5469.) According to the R&R, petitioner also failed to demonstrate excuse for his procedural default. (*Id.* at 5472-73.)

Petitioner filed timely objections to the R&R. Attached to his objections is an affidavit that contains both argument and factual averments. (Doc. No. 87-1 (Affidavit of Fact ["Kinstle Aff."]).) Applying a liberal interpretation afforded to pro se filings, *see Haines v. Kerner*, 404 U.S. 519, 596, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court treats the objections and the affidavit as setting forth petitioner's objections to the R&R.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) ("any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After

review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, --U.S.--, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id*. (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

"[F]ederal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id*. "Federal habeas review thus exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be doubly deferential in order to afford both the state court and the defense attorney the benefit of the doubt." *Id*. (internal quotation marks and citations omitted).

### III. PETITIONER'S OBJECTIONS

Initially, petitioner takes issue with the representation in the R&R that "Kinstle did not file a Traverse." (Obj. at 5476; *see* R&R at 5466.) According to Kinstle, he filed his Traverse at the same time he attempted to file a "Petition to Recuse" Magistrate Judge Burke. (Obj. at 5475-77.) The Court has carefully reviewed the record and there is no evidence that petitioner filed a traverse with his "petition" of recusal or at any other time. Instead, the record reflects that, on March 25, 2016, petitioner submitted the aforementioned recusal petition for filing. Because it did not conform to the restrictions in the magistrate judge's Restricted Filer Order, and in accordance with the Clerk's Office's procedure when receiving improvidently filed materials submitted by a restricted filer, the Clerk's Office returned the document to petitioner unfiled. (Staff Note, dated Mar. 25, 2016.)

Further, the documents petitioner relies upon to support his claim that he filed his traverse fail to demonstrate that any such document was ever submitted to the Clerk's Office for filing. Exhibit 2, the first page from his recusal petition with the Clerk's Office time stamp, and Exhibit 4, the cover letter explaining the return of the recusal petition, simply confirm that petitioner did attempt to file a recusal petition.[1] (Doc. No. 87-3 (Excerpt from Petition to Recuse); Doc. No. 87-5 (cover letter).) Similarly, Exhibit 3, a copy of the Marion Correctional Institution's summary of petitioner's mailroom charges merely notes that Kinstle was assessed postage charges for some unidentified item, which, again, only shows that something was filed

---

[1] Exhibit 1 purports to be the first page of the traverse. (Doc. No. 87-2.) There is no indication on the document as to when it was prepared or allegedly placed in the prison mail. Further, petitioner has not suggested that this document was returned to him unfiled along with the recusal petition.

6

on that date.[2] (Doc. No. 87-4 (Summary).)

Ultimately, however, this objection must be overruled because petitioner fails to even identify the arguments that he raised in his traverse but were not considered by the magistrate judge. As previously observed, the magistrate judge recommended that the grounds asserted in the amended petition be dismissed as procedurally defaulted. The R&R considered and rejected the argument petitioner raised in his amended petition that ineffective assistance of counsel should serve as an excuse for his procedural default of two of his claims. The magistrate judge concluded that any claim of ineffective assistance of counsel was also procedurally defaulted, and could not, therefore, rescue Kinstle's petition claims from default. (R&R at 5470.) The R&R also rejected petitioner's argument that the default of his remaining two claims could be excused by the fact that he was unable to comply with a state court rule requiring attachment of a full-sized version of the decision from which he was taking his appeal.[3] (*Id*. at 5472-73.) Petitioner has not objected to the R&R's procedural default analysis and, finding the analysis sound and

---

[2] Petitioner's unsubstantiated allegations of "FRAUD," "FALSIFICATION" and "Judicial Misconduct," premised on the magistrate judge's representation that no traverse was filed, are wholly without merit. (*See* Obj. at 5476, all capitalization in original.) In addition to the fact that there is no evidence that petitioner attempted to file a traverse, the record reflects that the magistrate judge anticipated that petitioner *would* file a traverse and specifically made provisions for such a filing. (Restrict Filer Order at 4243; *see* Doc. No. 84 at 5452 (magistrate judge order denying various motions, observing that petitioner's recent filings were difficult to read, and cautioning petitioner to "take steps to ensure that his Traverse is legible").) Petitioner's requests, therefore, to strike the R&R, to remove the magistrate judge from the case, and to order his immediate release from prison are denied. (*See* Obj. at 5476-77.) For all of the same reasons, petitioner's motion for leave to file an amended petition for the recusal of the magistrate judge (Doc. No. 88) is denied. Additionally, the Court finds that an investigation by the Department of Justice regarding the location of his traverse is not warranted; and, therefore, this request is also denied.

[3] The R&R observed that, even if petitioner's inability to comply with the state court filing rule could serve as cause for his default (which the Court believes it could not), there were other reasons that the Ohio Supreme Court rejected his brief in support of jurisdiction. (*Id*. at 5473.)

properly ground in governing law and supported by the record, the Court adopts the same.[4]

Petitioner also takes exception to other language in the R&R. Specifically, he complains that the R&R refers to him as "Kinstle," which he claims is erroneous because this term is a fiction of law created by the government. (Kinstle Aff. at 5480.) He also challenges the R&R's representation that "Kinstle, an inmate at the Marion Correctional Institution, is a self-described 'Redemptionist.'" (*See* R&R at 5453.) According to petitioner, this, too, is inaccurate because "Kinstle, a man, is held kidnapped by Respondent Jason Bunting at M.C.I." (Kinstle Aff. at 5480.) Both objections appear to relate to petitioner's belief that he is "a man, a sovereign National born naturally, living within Ohio State republic, United States of America, without the United States[.]" (Kinstle Aff. at 5479-80.) Courts, including the Sixth Circuit Court of Appeals, have routinely rejected as frivolous arguments that challenge jurisdiction by claiming that a criminal defendant is a "natural man, a Sovereign state born citizen, a private human being." *See, e.g., United States v. Phillips*, 326 F. App'x 400, at *1 (7th Cir. 2009) (collecting cases); *see United States v. Bradley*, 26 F. App'x 392, 394 (6th Cir. 2001) (citing *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (collecting cases)); *United States v. Amir*, No. 1:10CR439, 2010 WL 5014451, at *1 (N.D. Ohio Dec. 3, 2010). These objections are overruled.

Petitioner's only argument that even touches upon the issue of procedural default is his argument that the state court jury verdicts were defective because they failed to identify the

---

[4] In his affidavit, petitioner suggests that he addressed procedural default in his traverse and that he is "not going to rewrite 500 pages to prove 'actual innocents [sic],' to prove the 'manifest injustice' and to prove the 'outcome would have been different' as it is well set forth in the Traverse already filed with the Clerk's Office." (Kinstle Aff. at 5482.) This is insufficient to trigger further de novo review by this Court. Petitioner is not permitted to simply rely on or refer to arguments which he claims he has previously advanced in support of his amended petition. *Aldrich*, 327 F. Supp. 2d at 747. Rather, he was required to advance specific objections to the R&R. *See* 28 U.S.C. § 636(b)(1); *Powell*, 1994 WL 532926, at *1; L.R. 72.3(b).

statute under which he was convicted and the degree of the offense. (Obj. at 5480-83.) Applying a generous interpretation to this argument as it is advanced by a pro se litigant, the Court construes it as advocating that petitioner is "actually innocent" of the state court charges because the jury verdicts are void, and the default, therefore, should be excused. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent) (quotation marks and citations omitted).

Under Ohio law, where a verdict fails to state the degree of the offense of which an offender is found guilty fails to state the degree of the offense, the "guilty verdict constitutes a finding of guilty of the least degree *of the offense charged*." Ohio Rev. Code § 2945.75(A)(2) (emphasis added). The verdicts returned by the jury in petitioner's state court trial do not identify the statute or the degree to which he was convicted. (*See* Verdict Forms.) It is petitioner's belief that because of these omissions, he could only be convicted of what he suggests is a misdemeanor version of Ohio's intimidation statute—Ohio Rev. Code § 2921.04(A) (entitled "Intimidation of an attorney, victim, or witness in a criminal case"). There are several problems with this argument.

First, the defects in the jury verdicts do not constitute evidence of "actual innocence." To establish "actual innocence," a habeas petitioner must show that, "'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)) (further quotation marks and citation omitted). He may satisfy this burden by coming forward with "new reliable evidence" demonstrating his factual innocence, not the mere legal

9

insufficiency of the judgment. *See Schulp*, 513 U.S. at 324; *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley*, 523 U.S. at 623). The jury verdicts do not constitute "new reliable evidence" as they were known to petitioner at the time of his state court appeals. Moreover, the alleged defect in the verdict forms does not demonstrate petitioner's factual innocence of the state law crime of intimidation. Moreover, the argument, itself, is procedurally barred as it was not raised in any state court.[5] *See, e.g., Hughley v. Reid*, No. 1:09CV1828, 2010 WL 3069569, at *14 (N.D. Ohio Mar. 31, 2010) (failure of the verdict forms to indicate the degree of the offense, in violation of Ohio Rev. Code § 2945.75, was procedurally default on federal habeas where it was not raised in state court on direct appeal).

Of course, this argument would also fail on the merits. Petitioner was charged in the indictment with 23 counts of intimidation, in violation of Ohio Rev. Code § 2921.03(A). (*See* Ind.) Section 2921.03(a) only provides for one degree—felony in the third degree. *See* Ohio Rev. Code § 2921.03(B) ("Whoever violates this section is guilty of intimidation, a felony of the third degree.") The judgment reflects that petitioner was sentenced under § 2921.03(A), and that it was treated as a third degree felony offense. (*See* Judgment.) Because petitioner was sentenced on the only degree provided by § 2921.03, his sentence does not violate Ohio Rev. Code § 2945.75. *See State v. Wiley*, No. 03AP-340, 2004 WL 396767, at *12 (Ohio Ct. App. Mar. 4, 2004) (verdict form finding defendant guilty of murder was not required to state the degree of the offense, where offense of murder was not classified by degree of felony).

---

[5] To the extent that petitioner is suggesting that his appellate counsel was ineffective for failing to raise this issue in the state courts, this argument, too, is procedurally defaulted as it was never raised in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000) (an ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can, itself, be procedurally defaulted).

Petitioner argues, however, that the jury verdict forms should be interpreted as only supporting a conviction under Ohio Rev. Code § 2921.04, which prohibits intimidation of an attorney, victim, or witness in a criminal case. Violation of division (A) of that statute constitutes a misdemeanor of the first degree. § 2921.04(D). Specifically, division (A) provides that:

> No person shall knowingly attempt to intimidate or hinder the victim of a crime or delinquent act in the filing or prosecution of criminal charges or a delinquent child action or proceeding, and no person shall knowingly attempt to intimidate a witness to a criminal or delinquent act by reason of the person being a witness to that act.

§ 2921.04(A). Petitioner was not charged under this statute, and the facts found by the state appellate court would not support a conviction under it. *See State v. Kinstle*, 985 N.E.2d 184 (Ohio Ct. App. 2012). Specifically, there was no evidence that the individuals petitioner attempted to intimidate were victims or witnesses in a criminal or delinquent child proceeding. Absent clear and convincing evidence that the state's fact-findings are incorrect, a federal habeas court is required to presume that these facts are correct. *See* 28 U.S.C. 2254(e)(1); *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008) (citation omitted); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2001) (citation omitted). This final objection is also overruled.

### IV. CONCLUSION

To the extent that Doc. Nos. 87 and 87-1 can be construed as raising "objections," they are overruled. The Court accepts the well-reasoned R&R, the amended petition for writ of habeas corpus (Doc. No. 75) is denied, and the case is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which

to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: July 11, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**