UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS J. KINSTLE, | ) | CASE NO. 3:13CV998 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JASON BUNTING, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of petitioner Nicholas Kinstle ("petitioner" or "Kinstle") styled "Opportunity to Exhaust Administrative Remedy Petition to Reopen and Reconsideration of Judgment." (Doc. No. 92-1 ["Rule 60(b) Mot."].) Petitioner has also filed a supplement to this motion (Doc. No. 93-1 ["Suppl."]), and a "Notice of Default, Demand for Show Cause Hearing" (Doc. No. 96-1 ["Default Not."]). For the following reasons, petitioner's "motions" are denied.

I. **RELEVANT BACKGROUND**

In 2011, petitioner was convicted in state court on twenty-three counts of intimidation. Each charged instance of intimidation related to threats made by petitioner against various individuals who were involved in the foreclosure and sale of properties owned by petitioner. After petitioner's direct appeal and motion for a delayed appeal in the Ohio Supreme Court were denied, petitioner sought federal habeas relief in this Court. After a determination by the Court that his initial petition contained exhausted and unexhausted claim, petitioner filed an amended habeas petition, raising four grounds for relief. (Doc. No. 75 ["Am. Petition"].)

On July 11, 2016, the Court issued a memorandum opinion accepting the report and

recommendation of the magistrate judge that recommended that the claims in the amended petition be dismissed as procedurally defaulted. (Doc. No. 90 ["MO"]; *see* Doc. No. 91 (Judgment Entry ["JE"]); Doc. No. 85 (Report and Recommendation ["R&R"]).)

On August 8, 2016, petitioner filed a Notice of Appeal with the Sixth Circuit Court of Appeals, challenging the Court's dismissal of his habeas petition. (Doc. No. 95 ["Not. Appeal"].) The Sixth Circuit has advised that it is holding petitioner's appeal in abeyance while this Court resolves the pending motions. (Doc. No. 97 (Appeal Remark).)

## II. DISCUSSION

### A. Rule 60(b), Reconsideration, and Recusal

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment, and request reopening of the case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. 60(b). In *Gonzales v. Crosby*, 545 U.S. 524, 534, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005), the Supreme Court recognized that "Rule 60(b) has an unquestionably valid role to play in habeas cases." According to the Court in *Gonzales*, a "true" Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532. In so ruling, the Supreme Court held that Rule 60(b) motions are appropriate "[w]hen no 'claim' is presented," and "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction[.]" *Id*. at 533.

It is unclear whether petitioner's first motion represents a successive habeas or a Rule 60(b) motion. The filing, itself, is rambling and largely incoherent, and the difficulty in deciphering the document is exacerbated by the fact that it is laced with petitioner's musings

about various unrelated areas of law. Nonetheless, the Court generously construes the filing to be a Rule 60(b) motion because it argues that this Court "did not resolve all issues before" it. (Rule 60(b) Mot. at 5525.) In his supplemental filing, he clarifies his request for relief by explaining that "he does not seek to add a new ground for relief, or attack a court[']s previous resolution of a claim on the merits." (Suppl. at 5536.) Instead, he claims that he "raises the Rule 60(b) [motion] to attack/challenge a procedural ruling that precluded a merits determination[.]" (*Id.* at 5537.)

Applying a liberal interpretation to petitioner's motion appropriate for *pro se* filings, *see Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court treats this filing as invoking Rule 60(b). Petitioner challenges what he views as a procedural defect—namely, the alleged failure by the Court to fully resolve one of his claims. *See, e.g., Tyler v. Anderson*, No. 1:96 CV 1881, 2013 WL 3992590 (N.D. Ohio Aug. 5, 2013) (In habeas corpus proceeding, petitioner properly brought Rule 60(b) to challenge the district court's failure to address a claim).

In support of his position that the Court "only decided one-half" of the habeas application, petitioner states "Kinstle©, a man, also sought release from kidnapping by Jason Bunting, a 4th Amendment violation." (Rule 60(b) Mot. at 5530.) Petitioner maintains that the Fourth Amendment "does not allow for living people to be seized by [the] State of (United States), only persons (v.s. Vessels/Corporations) and things (non-biological articles)." *Id*. Because there is "[n]o 'Bill of Lading' show[ing] seizure of a biological man living[,]" he argues that his continued detention in a state penitentiary is unlawful. (*Id*.) He insists that "[f]or Judge Lioi to dismiss this case without release of the living man is contrary to [the] Code of Federal Regulation 72.11. Ever since 1933, everything is occurring commercially in admiralty because a

corporate court cannot be bringing living men in under corporate law." (*Id*. at 5527.)

Though largely nonsensical, this argument appears to be grounded in petitioner's belief that he is a sovereign, naturally born man who cannot be imprisoned for violations of federal or state law. The Court specifically rejected this argument, noting that "[c]ourts, including the Sixth Circuit Court of Appeals, have routinely rejected as frivolous arguments that challenge jurisdiction by claiming that a criminal defendant is a 'natural man, a Sovereign state born citizen, a private human being.'" (MO at 5515, citing cases.) Petitioner's request for Rule 60(b) relief is denied.

Petitioner's motion could also be interpreted as seeking reconsideration of the Court's ruling of dismissal of his habeas petition. "Generally, there are three major situations which justify a court reconsidering one of its orders: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995) (quotation marks and citation omitted).

Once again, petitioner raises the argument that the magistrate judge should have recused herself and her R&R should have been stricken because she did not file his traverse. (Suppl. at 5539.) The Court previously determined that the record did not support petitioner's argument that the magistrate judge received, yet refused to file, his traverse. (MO at 5513-15.) Petitioner does not argue a change in controlling law or the availability of new evidence. Instead, he merely reiterates the arguments he raised in his objections to the R&R. The Court declines to reconsider this argument, and his motion for reconsideration is denied.

Finally, in an abundance of caution, the Court also construes the motion and its supplement as seeking recusal. (*See* Suppl. at 5539.) In an argument relating to the alleged

4

failure to file his traverse, he maintains that the Court engaged in impropriety because it did not follow the Federal Rules of Civil Procedure relative to filings in federal court. (*Id*. at 5538.) Petitioner's disagreement with the Court's ruling, alone, constitutes an insufficient reason upon which to seek recusal under 28 U.S.C. § 144 or § 445(b). *See Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion") (citation omitted). Accordingly, the motion to recuse is denied.

### B. Notice of Default

Petitioner also appears to have served a notice advising this Court that he finds it in default because it did not issue a ruling on his Rule 60(b) motion within 10 days. (Default Not. at 5574.) Attached to his notice is a document he has styled "Criminal Complaint," wherein he seeks prosecution of various officials, including the undersigned. (Doc. No. 96-1, beginning at 5575.) Rule 55(a) permits a party to seek default when "a *party* against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a) (emphasis added). It does not apply to courts, and there is no mechanism by which a litigant may seek penalties against a judicial officer for failing to issue rulings within a time-period set by the litigant. Further, while the Court endeavors to issue all rulings in a timely fashion, frivolous motions, such as those filed by petitioner, only serve to delay justice and divert judicial resources from the resolution of valid motions. Thus, to the extent that petitioner's "notice" requests any form of relief, it is denied.

### III. CONCLUSION

For all of the foregoing reasons, Doc. Nos. 92-1, 93-1, and 96-1, to the extent they seek relief from this Court, are denied.

**IT IS SO ORDERED**.

Dated: October 25, 2016

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**